(59 Misc. Rep. 271.)

### JETTER BREWING CO. v. KURZEL et al.

(Supreme Court, Special Term, Kings County. May, 1908.)

LANDLORD AND TENANT—EXISTENCE OF LEASE—MORTGAGE—ESTOPPEL.

Where a tenant in possession under a recorded lease, under seal, having more than three years to run, mortgaged the same, the landlords were estopped to claim as against the mortgagee that at the time of the mortgage the tenant was in possession under a subsequent oral lease, and that the lease in writing had never been delivered, but was placed in escrow on conditions which the tenant did not perform.

Action by the Jetter Brewing Company against Clara Kurzel and others to foreclose a mortgage. Judgment for plaintiff.

Katz & Sommerich, for plaintiff.
J. Bohmbach, for defendants.

KELLY, J. When Mrs. Kurzel executed the mortgage covering her leasehold November, 1906, she was in possession of the demised premises conducting a saloon business, openly and notoriously, with the liquor tax certificate in her name. The defendants Niederstein had executed a lease in writing under seal, dated August 29, 1906, demising the premises to her for the term of three years and eight months, commencing September 1, 1906, and ending May 1, 1910, at the yearly rental of $1,800, payable monthly in advance. This lease was recorded in the register's office on September 21, 1906, two months before the mortgage was made. The lessors, owners of the property, sought to introduce evidence that the lease was delivered to some person in escrow, to hold until Mrs. Kurzel procured the removal of a fruitstand from the front of the premises; that she did not comply with this condition. Therefore they claimed there was no delivery. The owners claim that on November 1, 1906, there was some verbal or oral lease from them to Mrs. Kurzel, and that she held under that oral lease. They recognized her as tenant because they dispossessed her in September, 1907, signing a petition, in which they said she was tenant under lease of November, 1907, and they procured a surrender of that lease. I refused to receive evidence as to the conditional delivery of the written lease, for the reason that there was no charge that the plaintiff knew anything about it. The allegation in the answer is failure to perform a condition subsequent, and I held that, the tenant being in open possession and the lease on record, the landlord was estopped from disputing it as against plaintiffs acting in good faith.

That this is the only proper disposition of the case in the end must be apparent.

The learned counsel for the landlord insists that I should have received the evidence showing conditional delivery, and that its exclusion was error; but I still think the evidence was inadmissible on the facts here. It is proper to show that an instrument in writing was not delivered; but, where the tenant is let into possession and the lease placed on record, the landlord has either voluntarily or by negligence, for which the plaintiff is not responsible, clothed the tenant with all the indicia of tenancy under the sealed instrument, and he should not be allowed to dispute it. The condition was a condition subsequent in any event.

Judgment for plaintiff, with costs.